**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SHERRIE J. DUCKWITZ,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action Number: |
| **vs.** | : | |
| | : | <u>Jury Trial Demanded</u> |
| **GIBSON TECHNICAL SERVICES, INC.,** | : | |
| **STUART V. GIBSON, SCOTT STOKES,** | : | |
| **and MICHAEL MCCRACKEN,** | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff Sherrie J. Duckwitz, by and through the undersigned counsel, brings this Complaint against Defendants Gibson Technical Services, Inc., Stuart V. Gibson, Scott Stokes, and Michael McCracken and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) recover the overtime pay that was denied her and an additional amount as liquidated damages; and (2) for her costs of litigation, including her reasonable attorneys' fees.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Gibson Technical Services, Inc. is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Plaintiff resides within Cherokee County, Georgia.

5.

Defendants employed Plaintiff as a Project Coordinator in and around Canton, Georgia from September 28, 2009 until December 12, 2011.

6.

At all times relevant to this matter, Plaintiff was an "employee" of Defendant Gibson Technical Services, Inc. as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about September 28, 2009 until December 12, 2011, Plaintiff has been "engaged in commerce" as an employee of Defendants as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about September 28, 2009 until December 12, 2011, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Defendants as defined by FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Defendant Gibson Technical Services, Inc. (hereafter "Defendant Gibson") is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant Gibson has been an "employer" of Plaintiff as defined by FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about September 28, 2009 until December 12, 2011, Defendant Gibson was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2009, Defendant Gibson had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Defendant Gibson had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant Gibson had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2009, Defendant Gibson had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2010, Defendant Gibson had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Defendant Gibson had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2009, Defendant Gibson had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, Defendant Gibson had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Defendant Gibson had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, Defendant Gibson had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Defendant Gibson had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Defendant Gibson had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, Defendant Gibson has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

Defendant Gibson is subject to the personal jurisdiction of this Court.

26.

Defendant Gibson may be served with process through its Registered Agent, Stuart V. Gibson at 230 Mountain Brook Court, Canton, Georgia 30115.

27.

Defendant Stuart V. Gibson (hereafter "Defendant Stuart Gibson") resides within Cherokee County, Georgia.

28.

At all times material hereto, Defendant Stuart Gibson exercised operational control over the work activities of Plaintiff.

29.

At all times material hereto, Defendant Stuart Gibson was involved in the day to day operation of Defendant Gibson in which Plaintiff worked.

30.

At all times material hereto, Defendant Gibson vested Defendant Stuart Gibson with supervisory authority over Plaintiff.

31.

At all times material hereto, Defendant Stuart Gibson exercised supervisory authority over Plaintiff.

32.

At all times material hereto, Defendant Stuart Gibson scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

33.

At all times material hereto, Defendant Stuart Gibson exercised authority and supervision over Plaintiff's compensation.

34.

At all times material hereto, Defendant Stuart Gibson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

Defendant Stuart Gibson is subject to the personal jurisdiction of this Court.

36.

Defendant Scott Stokes (hereafter "Defendant Stokes") resides within Bartow County, Georgia.

37.

At all times material hereto, Defendant Stokes exercised operational control over the work activities of Plaintiff.

38.

At all times material hereto, Defendant Stokes was involved in the day to day operation of Defendant Gibson in which Plaintiff worked.

39.

At all times material hereto, Defendant Gibson vested Defendant Stokes with supervisory authority over Plaintiff.

40.

At all times material hereto, Defendant Stokes exercised supervisory authority over Plaintiff.

41.

At all times material hereto, Defendant Stokes scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

42.

At all times material hereto, Defendant Stokes exercised authority and supervision over Plaintiff's compensation.

43.

At all times material hereto, Defendant Stokes has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

44.

Defendant Stokes is subject to the personal jurisdiction of this Court.

45.

Defendant Michael McCracken (hereafter "Defendant McCracken") resides within Cherokee County, Georgia.

46.

At all times material hereto, Defendant McCracken exercised operational control over the work activities of Plaintiff.

47.

At all times material hereto, Defendant McCracken was involved in the day to day operation of the Defendant Gibson in which Plaintiff worked.

48.

At all times material hereto, Defendant Gibson vested Defendant McCracken with supervisory authority over Plaintiff.

49.

At all times material hereto, Defendant McCracken exercised supervisory

authority over Plaintiff.

50.

At all times material hereto, Defendant McCracken scheduled Plaintiff's working

hours or supervised the scheduling of Plaintiff's working hours.

51.

At all times material hereto, Defendant McCracken exercised authority and

supervision over Plaintiff's compensation.

52.

At all times material hereto, Defendant McCracken has been an "employer" as

defined in FLSA § 3(d), 29 U.S.C. § 203(d).

53.

Defendant McCracken is subject to the personal jurisdiction of this Court.

54.

At all times relevant hereto, Defendant Gibson reported Plaintiff's wages to the Internal Revenue Service through a W2.

55.

Defendants knew, or should have known, that Plaintiff regularly worked more than forty (40) hours in a given workweek.

56.

At all times relevant to this matter, Defendants treated Plaintiff as exempt from the requirement that she be paid time and a half for all hours worked beyond forty (40) in a given workweek.

57.

At all times relevant to this matter, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213 because she did not fall into the executive, administrative or professional exemptions.

## COUNT I - FAILURE TO PAY OVERTME

58.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

59.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

60.

During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

61.

Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 28, 2009 through December 12, 2011.

62.

Defendants willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 28, 2009 through December 12, 2011.

63.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages from Defendants in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs from Defendants, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375
COUNSEL FOR PLAINTIFF